Borzykowski v. Indust. Fibre Co....... 19300
Cleveland, Elyria & Tol. Bus Co. v.
Public Util. Comm............ 19296-19297
Drees v. Pub. Util. Comm...... 19291-19293
Greenlee v. Cole...................... 19290
Greenlee v. McCreary.......... 19292-19293
Globe Ind. Co. v. Lake Erie Lumb. Co.. 19294
Interstate Cotton Pickers v. Stewart... 19298
Jones v. Maumee (Village)........... 19295
Macon v. State...................... 19302
Mudge, et al v. Pope................. 10303
Pritz v. Messer...................... 18299
State, ex. v. Indust. Comm........... 19301

#### July 29, 1925

19290—S. N. Greenlee, Clerk, v Robt. Cole; error to Adams Appeals. C. F. Denning, Cincinnati; R. H. Holderness, West Union, for pltf. Blair & Blair, Portsmouth, for deft.

19291—Bernard H. Drees v Public Utilities Commission; error to the Public Utilities Commission of Ohio. L. A. Jaffe, C. M. Abbott, Cincinnati, for pltf. C. C. Crabbe, J. W. Bricker, Columbus, for deft.

19292—S. N. Greenlee, Clerk, v Jasper McCreary; error to Adams Appeal. Attorneys same as in 19290.

19293—Same as 19291.

19294—Globe Indemnity Co. v Lake Erie Lumber & Supply Co.; motion for Cuyahoga Appeals. Dustin, McKeeban, Merrick, Arter & Stewart, Cleveland, for pltf. Tolles, Hogsett, Ginn & Morley, Cleveland, for deft.

19295—Paul Jones v Village of Maumee; motion for Lucas Appeals to certify. Kirkbride, McCabe & Boesel, Toledo, for pltf. Paul W. Alexander, Toledo, for deft.

#### July 30, 1925

19296—Cleveland, Elyria, Toledo Bus Co. v Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. Fauver & Cheney, Elyria, for pltf. C. C. Crabbe and John W. Bricker, Columbus, for deft.

19297—Same as above.

19298—Interstate Cotton Pickers v Y. Frank Stewart; motion for Lucas Appeals to certify. Fritsche, Kruse & Winchester, Toledo, for pltf. Mulholland & Hartman, Toledo, for deft.

19299—Emelia H. Pritz v Frank Messer, et al; motion for Hamilton Appeals to certify. Robert P. Goldman, Cincinnati, for pltf; Saul Zulonpa, Heintz & Heintz, Cincinnati, for deft.

19300—Benna Borzykowski v Industrial Fibre Corp. of America; motion for Cuyahoga Appeals to certify. Jos. B. Keenan, Chas. S. Reed, Cleveland, for pltf; Doerfler & Kornhauser, Cleveland, for deft.

19301—State of Ohio ex rel. M. Fioretos v Industrial Commission of Ohio; in mandamus. M. W. Vickery, C. O. Tsangadas, Cleveland, for pltf.; C. C. Crabbe, R. R. Zurmehly, Columbus, for deft.

29302—Tolton Macon v. State of Ohio; motion for leave to file petition in error to Hamilton Appeals. Froome Morris, M. Froome Barbour, Cincinnati, for pltf.; C. S. Bell, R. A. Tooker, Cincinnati, deft.

10303—A. A. Mudge and Maryland Causualty Co. v Susan Pope, As Admrx., etc. Motion for Cuyahoga Appeals to certify record. Mooney, Hahn, Loeser & Keough, Cleveland, for pltf.; Howell, Roberts & Duncan, Cleveland for deft.

## Weekly Abstract of PENDING CASES

### No. 682
#### INDUSTRIAL COMM. et v. SNYDER et
#### No. 19108.  Supreme Court

On motion to certify.  Dock. April 28, 1925; 3 Abs. 297.

165.  BONDS—Does issuance of bond by board of education for a new building, constitute abuse of discretion, if said board has acted upon order of Division Engineer?

Olive Williamson brought an action in the Darke Common Pleas against the Board of Education of Versailles Village School District seeking an injunction against the Board from taking further steps in regard to the execution and delivery of a $256,000 bond issue, and from certifying to the county auditor any tax levy or budget relative to such bond issue.

On Dec. 31, 1923, Bert Snyder brought an action in the same court in which he sought to enjoin the board from letting contracts for the erection of a school building pursuant to the advertisement asking for bids for the construction thereof, and that the board be enjoined from expending money for the erection thereof.

On May 15, 1924 both cases were consolidated for trial. The court set aside the award of the contract, and permanently enjoined the board from expending any money in acquiring a site or expending money for the erection of a new building, and ordered the bonds cancelled and the proceeds thereof refunded. The case was appealed after which the Industrial Commission and the Retirement Board of State Teachers Retirement System, the holders of the bonds, were made parties with leave to plead.

On April 18, 1925 the Court of Appeals held that the bonds were void and ordered that the money be refunded to the purchasers thereof holding that the board of education abused its discretion in deciding to build a new building instead of repairing the old; the evidence tending to prove that to repair would cost $31,000 while to build would cost $250,000.

The case was taken to the Supreme Court where it was contended that the decision of the court of appeals was in conflict with Bd. of Ed. v. Moorehead, 105 OS. 237, which holds that under 7630-1 GC. the board of education is authorized, upon approval of the electors,

to issue bonds for the purpose of (1) rebuilding a building destroyed or prohibited, (2) repairing a decayed, injured, delapidated, partially destroyed or prohibited building, or (3) constructing a new building to accommodate pupils of the entire district, said board being authorized to issue bonds in such amount as will be required for either one or both of first two alternatives, or in such amount as will be required for the last.

It is further claimed that the Court of Appeals erred in holding that the issue of $251,000 of the bonds under 7630-1 GC. was illegal and void, that the court erred in holding that the $5000 issue of bonds under 7629 GC., for the purchase of a site for a new school building was illegal and void. It was further said that the court erred in granting a perpetual injunction against the board.

It is further claimed that the order issued by one, Kearns, Division Chief, was a sufficient order to create an emergency under 7630-1 GC. so that an order for the new building was valid. It was contended that if the decision of the court of appeals be the law, when, it was asked, will be the Industrial Commission and the Teachers Retirement System, or any other prospective purchaser of the bonds, be able to determine in advance of a court decision whether a board of education, issuing bonds under 7630-1 GC. for constructing a new building in lieu of repairing the old, has abused its discretion?

Attorneys—C. C. Crabbe, Wilbur E. Benoy, Columbus for Commission; Orel J. Myers, Pros. Atty., and John F. Maher, Greenville, for Bd. of Ed.; Mannix, Crawford & Billingsley and M. B. Trainor, Greenville, and H. T. Mather, Sidney, for Snyder et.