Aetna Cas. & Sur. Co. v. Ginder........ 19318
American Soap Co. v. Bogue ........ 19320
Chicago & Erie R. R. Co. v. Oyler .... 19317
Dong You et v. State ............... 19316
Eager v. Pub. Util. Comm. .:.......... 19319
Erhart et v. Sadgbury ..:........... 19322
Espel v. Cincin. Amuse. Co. .......... 19321
Shriver v. Greenlee et ............... 19315

### AUGUST 10, 1925
19315—J. A. Shriver, etc. v. S. N. Greenlee, Clerk, et al; in mandamus. Blair & Blair, Portsmouth, for pltf; C. F. Denning, Cincinnati, for deft.

### AUGUST 11, 1925
19316—May Dong You et al v. State of Ohio; motion for leave to file petition in error to the Cuyahoga Appeals. Boyd, Cannon, Brooks & Wickman, Cleveland, for pltf; Edw. C. Stanton, Pros. Atty., Cleveland, for deft.

### AUGUST 12, 1925
19317—Chicago & Erie R. R. Co. v. Clyde L. Oyler, Admr. of the estate of Lindley C. Oyler, deceased; motion for Hardin Appeals to certify. Mahon & Mahan, Kenton, for pltf; Henderson & Roof, Kenton, for deft.

19318—Aetna Casualty & Surety Co. v. William M. Ginder, county treasurer; record certified for review and final determination by Franklin Appeals. F. R. Hoover, Columbus, for pltf; J. R. King, J. A. Godown, Columbus, for deft.

19319—Frank Eager Jr. v. Public Utilities Commission; error to the Public Utilities Commission of Ohio. Howard, Morgan, Jones, Columbus, for pltf; C. C. Crabbe, J. W. Bricker, Columbus, for deft.

### AUGUST 13, 1925
19320—American Soap Co. v. Charles B. Bogue; record certified for review and final termination by Hamilton Appeals. H. J. Siebenthaler, Cincinnati, for pltf; L. R. Lytle, Cincinnati, for deft.

19321—Bernette Z. Espel v. Cincinnati Walnut Theatre Amusement Co.; motion for Hamilton Appeals to certify. J. B. Kelley, Cincinnati, for pltf; DeCamp, Sutphin & Brumleve, Cincinnati, for deft.

19322—Andrew Erhart et al v. Charles W. Sadgbury; motion for Montgomery Appeals to certify. Leach & Nolan, Dayton, for pltf; H. P. Williamson, Dayton, for deft.

## Weekly Abstract of
## PENDING CASES

### No. 723

### NEW AMSTERDAM CAS. CO. v. TRINIDAD PAVING CO.

### No. 19153.   Supreme Court

On motion to certify. Dock. May 18, 1925; 3 Abs. 341.

**465. ERROR**—Can errors in trial court be held to be non-prejudicial upon the ground that if a judgment had been returned in favor of plaintiff in error on cause of action, it would be manifestly against the weight of evidence?

A partnership in Cleveland, d. b. a. Pace Brothers, entered into eleven written contracts with Cleveland Heights, whereby it was agreed to pave as many streets. The partnership being unable to complete the jobs, because of financial distress, the New Amsterdam Casualty Co., which was surety for the performance thereof, undertook to do so and in furtherance of this intention, employed the Trinidad Paving Co., stipulating that the paving should be completed by July 15, 1918.

The Trinidad Co., in pursuance with the contract, finished about three streets, up until July 8, 1918, when the council cancelled the contracts between Cleveland Heights and the Casualty Co. The amount then owing to the Trinidad Co. was $4,070 for which the Casualty Co. was sued in the Cuyahoga Common Pleas.

The Casualty Co. filed an answer and cross-petition basing its claims therein upon three causes of action:—That it had been damaged in the sum of $65000 which it was forced to pay in excess, to complete said paving; that there was due it $1,596 and that $38,490 was due it for paving equipment and material. The case was submitted to the jury, and a verdict was returned in favor of the Trinidad Co. for the amount claimed and in favor of the Casualty Co. for $50,000 on the first and third causes of action.

The judgment was reversed by the Court of Appeals "for errors in not granting a new trial, for refusing to charge, and for the reason that the verdict was contrary to the evidence, no other error appearing in the record." The case on being tried again in the Common Pleas resulted in a verdict for the Trinidad Paving Co. in the amount of its claim, and in a verdict for the Casualty Co. on its third cause of action only, for about $1,700 more than the judgment awarded to the Trinidad Co. The Court of Appeals affirmed this judgment on the ground that substantial justice had been done,

and that the Casualty Co., by its own conduct, caused or procured the cancellation of its contracts with Cleveland Heights and could not, therefore, recover on its first cause of action.

The cause went to the Supreme Court, and it was contended by the Casualty Co.; that in the first reversal of the Court of Appeals it held that the finding of the jury on the first cause of action was against the weight of the evidence, the second opinion found that there could be no recovery on the first cause of action because of admission of one Warren who had full authority to represent the Casualty Co. It is claimed that the second court of appeals read the opinion of the first court of appeals as establishing the law of the case, proceeding on the erroneous theory that the court of appeals in its first opinion decided the question of the first cause of action as a proposition of law, whereas, as a matter of fact, it was decided that the finding of the jury on that question was against the weight of the evidence. (The second court of appeals was one sitting by designation.)

It is contended that the "substantial justice" section of the General Code, does not permit a court of appeals to usurp the functions of a jury by certifying that substantial justice had been done, when, at the same time, it finds that special requests were given and refused erroneously, which would have squarely presented to the jury the issues of fact which they were to determine. It amounts, in substance, to a substitution of the judgment of the court of appeals for an intelligent consideration and determination of the facts by the jury.

In conclusion it it contended: if the court of appeals would be without jurisdiction to set aside the judgment in favor of the Casualty Co. on its first cause of action on the second trial, how can it properly conclude that the error in the court's charge did not affect its substantial rights upon the ground that if it had recovered a judgment at the second trial, upon its first cause of action, such judgment would be against the weight of the evidence?

Attorneys—Day & Day for Casualty Co.; Boyd, Cannon, Brooks & Wickman for Trinidad Co.; all of Cleveland.