Cincinnati Bd. of Ed. v. Roos Bros. et... 19243
Cleveland A. & C. Bus. Co. v. P. U. C... 19242
Doughty v. Phipps ................. 19249
McDonald v. McDonald et .......... 19248
Meyer v. Cincin. Auto. Products Co.... 19247
Middaugh v. Miller ................. 19254
Pecsok v. Vecsay ................... 19252
State ex v. Crabbe ............. 19245, 19246
State ex v. Hadaway ................ 19250
State ex v. Lander ................. 19251
State ex v. Zangerle ............... 19244
St. Marys Gas Co. v. Brodbeck ........ 19253
Tax Comm. v. Jones ................ 19241

### JULY 6, 1925
19241—Tax Commission of Ohio v. Thos. J. Jones, admr, et al; motion for Cuyahoga Appeals to certify. E. C. Stanton, G. R. Wheeler and H. R. Cuyler, Cleveland, for pltf; Herrick, Hopkins, Stockwell & Benesch, Cleveland, for deft.

19242—Cleveland, Ashtabula & Conneaut Bus Co. v. Public Util. Com.; error to Commission. C. T. McConnel, W. C. Blackmore, Cleveland, for pltf; C. C. Crabbe, J. W. Bricker, Columbus, for deft.

### JULY 8, 1925
19243—Cincinnati Bd. Ed. v. Roos Brothers, etc., et al; motion for Hamilton Appeals to certify. Frank K. Bowman, L. L. Forchheimer, Cincinnati, for pltf; Province M. Pogue, Walter M. Locke, Cincinnati, for deft.

19244—State of Ohio ex rel Geo. D. Hile, a taxpayer, v. John A. Zangerle, auditor, et al; error to Cuyahoga Appeals. Geo. D. Hile, Cleveland, for deft; E. C. Stanton, Cleveland, for deft.

### JULY 8, 1925
19245—State of Ohio ex Haavind, Recr., v. Charles C. Crabbe, Atty. Genl et al; in mandamus. B. W. Gearheart, Columbus, for pltf; C. C. Crabbe, Columbus, for deft.

19246—State ex rel Herbert E. Burgess as Liquidator, etc., v. Charles C. Crabbe, Atty. Genl., et al; in mandamus. B. W. Gearheart, Columbus, for pltf; C. C. Crabbe, Columbus, for deft.

19247—Henry W. Meyer v. Cincinnati Auto Products Co; motion for Hamilton Appeals to certify. John W. Cowell, Cincinnati, for pltf; Bolsinger & Benham, L. M. Levinson, Cincinnati, for deft.

19248—Frederick H. McDonald v. Charles McDonald et al; motion for Lucas Appeals to certify. W. W. Campbell, F. E. Spence, Thad S. Powell, Toledo, for pltf; Hackett & Lynch, Toledo, for deft.

### JULY 10, 1925
19249—Eva Doughty v. Frank L. Phipps, exr. Motion for Cuyahoga Appeals to certify. Wm. K. Gardner, Cleveland, for pltf; Wm. H. Chapman, Cleveland, for deft.

19250—State of Ohio ex rel E. J. Darby v. Walter Hadaway et al; error to Lorain Appeals. Fauver & Cheney, Elyria, for pltf; D. A. Baird, R. F. Vandemark, Elyria, for deft.

19251—State ex rel John Gannon v. Frank L. Lander et al; error to Cuyahoga Appeals. Wm. J. Corrigan, Cleveland, for pltf; E. C. Stanton, Cleveland, for deft.

19252—Paul Pecsok v. Rev. Eugene A. Vecsay; motion for Cuyahoga Appeals to certify. Leighley, Halle, Haber & Berick, Cleveland, for pltf; Mooney, McCormick, Roth & Pollock, Cleveland, for deft.

### JULY 11, 1925
19253—St. Marys Gas Co. v. L. C. Brodbeck, Admr.; motion for Auglaize Appeals to certify. H. O. Bentley, Lima, for pltf; L. C. Brodbeck, Wapakoneta, for deft.

19254—Frank D. Middaugh, exr., v. Daniel W. Miller; motion for Preble Appeals to certify. Hugh R. Gilmore, S. B. and C. C. Foos, Eaton, for pltf; Harry L. Resinger, P. A. Saylor, Eaton, for deft.

19255—Anderson Ferry Transit Line v. Public Util. Com.; error to Commission. Sylvester Hickey, Cincinnati, for pltf; for deft., not given.

## Weekly Abstract of PENDING CASES

### No. 626
### STARK Exr. v. STEUBE
No. 19160. Supreme Court
On motion to certify. Dock. May 21, 1925; 3 Abs. 341.

·1271. WILLS—1. Would after acquired property pass under followin gprovision of will; "what other moneys I shall leave not disposed of by this instrument"; in light of 10579 GC. and taking the word "moneys" to mean "property"?

2. Did the widow, by electing to take under the will, lose her dower in lands not disposed of in it?

John Bryan of Hamilton County died on Dec. 9, 1918 leaving a last will and testament which was probated by the Hamilton Co. probate court Dec. 21, 1918, and Edgar Stark appointed as executor. The validity of the will was contested by a brother, L. D. Bryan, in the Common Pleas and in February, 1922, the litigation was concluded. Thereafter, Stark, being in doubt as to the proper execution of his duties filed his petition in the Common Pleas against the devisees and legatees praying a construction of the will and the court's direction in the administration.

The following is a clause in the will of which interpretation was asked: "What other moneys I shall leave not disposed of by this testament, I desire spent economically in printing, publishing and distributing my literary writings and scientific discoveries and mechanical inventions, in cheap, but respectable form for the purpose of bettering the condition of mankind", and "the moneys accruing from the development of my patent rights, copyrights,

## OHIO SUPREME COURT—Continued

trade marks, and discoveries, I desire shall be merged into my general estate."

The Court of Appeals held that the foregoing was vague uncertain and indefinite, "in its purpose uncertain as to the manner of execution, and the trustee named in said will is not invested with any authority by said clause of the will and that said clause is null and void and the trust therein attempted to be created fails," and that the decedent died intestate in respect to all his property which would otherwise have been subject to said trust.

In the will, Fredricka Bryan Steube, formerly decedents widow, was bequeathed $100,000 from which she was to receive $5,000 per year until she reached the age of 40, then to be given the balance. The court further found that she was entitled to the immediate possession of the residue of the $100,000. It was also decreed by the Court of Appeals that Fredricka took under the statute of dessent and distribution as sole heir at law of John, there having been no issue of the marriage. Stark, as executor and the Union Trust Co., of Cincinnati, as trustee, excepted to this decree and this proceeding is brought by it in the Supreme Court for the purpose of seeking its review.

In the Supreme Court it is contended that "what other moneys I shall leave - - - - I desire spent for the purpose of bettering the condition of mankind"; meant that John Bryan wanted the residue of his estate to be used for a general public purpose. It is contended that charitable trusts are treated with much greater leniency by the courts of equity than are private trusts; and although the beneficiary may be incapable, equity will uphold the trust and appoint a trustee.

It is urged that the word "money" used in making a devise in a will, will be construed to include both personal and real property if it appears from the context and on the face of the instrument that such was the intention of the testator. The word "money" as used in the will of John Bryan means property.

It was held by the court that the will did not dispose of after acquired property and, as to that property, he died intestate. It is contended by Stark that John Bryan disposed of all his estate including after acquired property, as per the provision of his will, "what other moneys I shall leave not disposed of by this instrument," indicating that he intended to dispose of all his estate. John Bryan did not intend, after making his will, to die intestate as to any of the property that he may have owned at the time of his death and it is manifest that the real estate purchased by him after the making of his will passes under its provisions.

It is claimed that Mrs. Steube elected to take under the will, and she is bound by the election. When a widow elects to retain her dower and distributive share, such share is to be ascertained by regarding the husband's estate as if he had died intestate, leaving children, and can be neither increased or decreased by any provisions of the will. Greiger v. Bitzer, 80 OS. 65.

Attorneys—W. S. Little, for Stark et; W. T. Porter, for Steube; both of Cincinnati.