Cinci. Trac. Co. v. P. U. Com......... 19288
Doehler Die Co. v. McNeely .......... 19279
Dorn v. Dorn ....................... 19287
Dreifus v. Provident Bank et .......... 19273
Indust. Com. v. Conley .............. 19272
Indust. Com. v. Van Horne ........... 19271
Kronenberg v. Whale ............... 19276
Niebes v. Silvestro ................ 19282
Northern Mfg. Co. v. Manchester Co.... 19277
Owens v. Owens ..................... 19286
Paisley v. Waterworth ............... 19280
Purnhagen et v. Indus. Com........... 19289
Remus v. Murrey ................... 19275
Ross Co. War Chest, in re v. McVell .... 19281
Vallery v. Beard ................... 19283

### JULY 15, 1925

19271—Industrial Commission of Ohio v. F. E. Van Horne; motion for Cuyahoga Appeals to certify. E. C. Stanton and J. R. Wheeler, Cleveland, for pltf; R. O. Baskin, Cleveland, for deft.

19272—Industrial Commission of Ohio v. Clara Conley; motion for Cuyahoga Appeals to certify. Attorneys same as in No. 19271. for pltf, Lamb, Vaughn & Lamb,for deft; all of Cleveland.

### JULY 18, 1925

19273—Chas. I. Dreifus v. Provident Sav. Bank & Trust Co; motion for Hamilton Appeals to certify. R. S. Alcorn, A. D. Alcorn, Cincinnati, for pltf.; Harmon, Colston, Goldsmith & Hoadley; Clark & McConkey, Cincinnati, for deft.

19274—Same v. same, same. Same attys.

19275—Geo. Remus v. J. W. Murray; motion for Hamilton Appeals to certify. Lorbach and Garver, Cincinnati, for pltf; Matthews & Matthews, Cincinnati, for deft.

### JULY 20, 1925

19276—Louis Kronenburg v. Herbert J. Whale; motion for Cuyahoga Appeals to certify. Rothenberg, McMorris & Smith, Cleveland, for pltf; Cline & Patterson, Cleveland, for deft.

### JULY 21, 1925

19277—Northern Mfg. Co. v. Manchester Furniture Co.; motion for Adams Appeals to certify. E. H. & R. A. Kerr, Tippecanoe City, for pltf; C. E. Robuck, West Union, for deft.

19278—Same as in 19276 v. Harry A. Whale; same. Same attys. as in 19276.

19279—Doehler Die Casting Co. v. Anna B. McNeeley; motion for Lucas Appeals to certify. Fraser, Hiett & Wall, Toledo, for pltf; Conn & Halloway, Toledo, for deft.

### JULY 22, 1925

19280—Samuel T. Paisley v. Wm. Waterworth; motion for Cuyahoga Appeals to certify. Krueger & Pelton, Cleveland, for pltf; for deft., not given.

19281—Ross County War Chest v. Wm. Scott

McVell; motion for Ross Appeals to certify. Gilbert Bettman, Cincinnati; Gordon Phillips, John A. Poland, Chillicothe, for pltf; R. W. Manley, Chillicothe, for deft.

19282—Fred A. Niebes v. Michele Silvestro; motion for Cuyahoga Appeals to certify. White, Hammond, Brewer & Curtiss, Cleveland, for pltf; Nicola & Horn, Cleveland, for deft.

19283—Kote Tootle Vallery v. Wm. R. Beard; motion for Ross Appeals to certify. Wilby G. Hyde, Chillicothe, for pltf; John P. Phillips, Sr., for deft.

### JULY 24, 1925

19286—John Raymond Owens v. Florence G. Owens; motion for Lucas Appeals to certify. Hackett & Lynch, Toledo, for pltf; Fraser, Hiett & Wall and W. W. Campbell, Toledo, for deft.

19287—Lillian R. Dorn, admrx., v. Nicholas Dorn et al; motion for Hardin Appeals to certify. Price, Pfeiffer & Price and Mahon & Mahon, Kenton, for pltf; Stickle & Cessna, Kenton, for deft.

19288—Cincinnati Traction Co. v. Public Utilities Commission; error to Utilities Com. Chas. F. Dolle, Cincinnati, for pltf; C. C. Crabbe, J. W. Bricher, Columbus, for deft.

19289—Nellie Purnhagen et al v. Industrial Commission; motion for Hamilton Appeals to certify. Cobb, Howard & Bailey and F. H. Kunkel, Cincinnati, for pltf; Chas. S. Bell and Louis Schneider, Cincinnati, for deft.

## Weekly Abstract of
## PENDING CASES

### No. 668
### ALLEN v. RICKETTS
No. 19214. Supreme Court

On motion to certify. Dock. June 18, 1925; 3 Abs. 401.

465. ERROR—Should it be ground for reversal when it exists in charge to jury but does not affect deliberations of jury as to compensatory damages where there has been a promise to marry and a breach thereof?

Victoria Allen, a widow, resided in Dayton. Samuel Ricketts who represented himself as a single man asked and received permission to call upon her, and subsequently proposed marriage to her which was accepted.

During the courtship, Rickett's wife died and Allen for the first time, discovered Ricketts was not a single man. Prior to the death of Mrs. Ricketts, the relations between Victoria Allen and Samuel Ricketts, after they became engaged to be married, became illicit and pregnancy resulted therefrom.

During the trial, in the Montgomery Common Pleas, Ricketts attempted to introduce testimony very damaging to the character of Allen. The trial court included the following in its charge to the jury:

"Defendant claims that plaintiff is a blackmailer, vampire, a woman unworthy and with-

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday        50 Weeks of the Year

SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ..................................35

When cash is mailed to us in advance
20 per cent discount

THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.
Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

## AMERICAN BAR ASSOCIATION MEETING

The Conference of American Bar Association Delegates will meet at Detroit on Tuesday, September 1st, 1925. The meetings of the American Bar Association will be held in

out character. Unless you find, or if you do not find from the evidence that the plaintiff was a vampire, if you do not find her activities were from an impure and dishonest motive, you may take that failure into consideration in assessing damages in this case."

Allen recovered a judgment of $5000 and in error proceedings it was reversed on the ground that there was prejudicial error in the charge of the court. Juestion presented in the Supreme Court is: To what extent is a reviewing court justified in reversing a verdict of a jury, which verdict is not found to be against the weight of the evidence, nor excessive in amount, when the only error found is in the charge of the court, and the only possible effect of that error if it did exist, would be to swell the verdict beyond conmpensatory damages.

It is contended that the Court of Appeals based its decision on White v. Thomas, 12 OS. 312, and in addition to the error in the charge in that case there was:

1. Apparently very flimsy evidence on which to base a verdict.

2. Manifestly excessive damages.

Allen claims that at the time of the motion for a new trial the court found that the verdict of the jury was not excessive; that the Court of Appeals did not find that it was excessive and found there was no other error on the record. "The salutory and enlightened provisions of 11364 GC. should serve as a powerful deterent to all reviewing courts from reversing cases for any other reason than the alleged error was one affecting the substantial rights of the adverse party." Dunlap v. Dunlap: 89 OS. 25, 33.

It is contended that, if the Court of Appeals thought the verdict excessive( which they did not), it was their duty to reduce the verdict by remittitur and not put Allen to the expense of prolonged litigation. It is submitted that if the jury found that there was a promise of marriage and a breach thereof, there was a preparation for marriage from which compensatory damages arose. The error in the charge did not affect the deliberations of the jury on the question of the promise, the breach, or substantial damages. It affected only the question of exaplary damages.

Detroit on the following three days, to-wit: Wednesday, September 2nd, Thursday, September 3rd, and Friday, September 4th.

The day trip by boat from Cleveland to Detroit is a fine one, the boat leaving Cleveland at 10:30 A. M., and arriving in Detroit at 5:30 P. M.

Hon. Newton D. Baker, President of The Cleveland Bar Association, has been informed that many lawyers—residing in inland cities of Ohio and who want to attend the meeting this year of the American Bar Association—would like to have the Cleveland Bar Association arrange for a day trip by boat from Cleveland to Detroit for such members of the Ohio Bar as care to take it. He has asked A. V. Abernethy, Secretary of the Cleveland Bar Association, to make these arrangements.

The fare from Cleveland to Detroit for the day trip is $2.50 each way. The boat will leave Cleveland Tuesday, September 1st, at 10:30 A. M., and will arrive in Detroit at 5:30 P. M. that day. On the return day trip, the boat will leave Detroit on Saturday, September 5th, at 10:30 A. M., and will arrive in Cleveland at 5:30 P. M. An excellent luncheon will be served on the boat at $1.00 per plate. Persons who return on the day boat trip will not be able to take the trip to Ann Arbor, Michigan, that has been arranged by the Detroit Bar Association for the benefit of the delegates to the American Bar Association Convention; however, those who take the day trip by water from Cleveland to Detroit may return on the night boat and depart any time they wish. The fare for the night trip is $3.60 plus state room charge of $4.20 with accommodations for two or three people; or, they may go direct home by railroad. For a combination day trip going, and night trip returning, the fare is $6.10.

One may go any night by water from Cleveland to Detroit at a round trip fare of $6.50. The state room charge of $4.20 is in addition to the round trip fare quoted for the night rate. It would seem that the day trip is more desirable.

Members of the Ohio Bar who desire to come to Cleveland to make the day trip, will please notify A. V. Abernethy, Secretary of the Cleveland Bar Association, 348 New Court House, so that proper accommodations on the boat for the day trip may be arranged. Tickets may be purchased at the dock on the day of the trip.

Make hotel reservations at early date. Oscar C. Hull is chairman of Reservation Committee. His address is Dime Savings Bank Building, Detroit, Michigan.