19341—Sigfried Sommerfield v. State of Ohio; motion for Cuyahoga Appeals to certify. Henry Lawrence, Cleveland, for pltf. E. C. Stanton, H. E. Parsons, Cleveland, for deft.

### August 27, 1925.

19342—Albert B. Ossage v. Robert A. LeBlond; error to the Hamilton Appeals. W. Diemer, Cincinnati, for pltf. Dempsey & Dempsey, Cincinnati, for deft.

### August 31, 1925.

19343—Ralph E. Deem v. State of Ohio ex rel Dorothy Smith; motion for Warren Appeals to certify. C. B. Dechant, Labanon; Jos. L. Meyer, Cincinnati, for pltf. Dean E. Stanley and Frank C. Anderson, Lebanon, for deft.

19344—Marie Frate et al v. Fanny Remnick et al; motion for Cuyahoga Appeals to certify. Scott & Bissell, Cleveland; Nicola & Horn, Cleveland, for pltf. Evelyn Cohen and Anna R. Kumin, and Herman Spielberg, Cleveland, for deft.

### September 1, 1925.

19345—State of Ohio on relation of the Retirement Board of the State Teachers Retirement System et al v. Board of Education of Adams Mills Rural School District, Muskingum County, Ohio, et al; in mandamus. C. C. Crabbe, attorney general, for pltf. Wilbur E. Benox, special cause, Columbus.

19346—The State of Ohio on relation of the Southern Surety Co., a corporation v. George F. Schlesinger, Director of Highways and Public Works of Ohio, and Joseph T. Tracy, Auditor of State of Ohio; in mandamus. Atkinson, Smith & Hogan, Frank Cipriano, Columbus, for pltf. C. C. Crabbe, J. C. Williamson, Columbus, for deft.

## Weekly Abstract of
## PENDING CASES

### No. 778
### WILLARD CANDY CO. v. JONES
No. 19269.  Supreme Court
On motion to certify. Dock. July 16, 1925; 3Abs. 451.

**211. CAUSE OF ACTION**—Does allegation that one is indebted to another state a cause of action or is it a mere conclusion of law?

**703. LANDLORD AND TENANT**—Can an action for rent or for use and occupation be maintained against a trespasser, in the absence of a contractual relation?

The Frances Willard Candy Co. leased from John Jones certain premises for five years, with the privilege, on giving 60 days notice in writing before the termination thereof, of an extension or new lease for an additional five years at a stipulated rental. It was claimed that Jones waived such notice and it was not given by the company.

After the time for giving the notice had expired, Jones served notice on the company to vacate, which it refused to do, claiming its right under Jones' formal waiver. Action in forcible dention was brought in the Columbus Municipal Court to oust the company. The company's injunction was not allowed and restitution was ordered. Thereafter Jones brought the present action in the Franklin Common Pleas for rent for the two storerooms occupied by the Company. Jones was permitted to amend his petition over the company's objections and the trial resulted in a verdict for Jones in the amount claimed. Error was prosecuted and the Court of Appeals affirmed the judgment rendered in said verdict.

The case is in the Supreme Court on a motion to certify and the questions presented are: Did the amended petition at the time the case was called to trail, or at any time during the proceedings, state a cause of action? Can an action for rent, or for use and occupation be maintained against a trespasser?

It is claimed that the allegation of indebtedness in Jones' petition for the "use and occupancy of" the storerooms is but a conclusion of law, and is therefore a nullity. 18 OS. 353. Legal conclusions are not to be pleaded as they present no issue; and since Jones' allegation of indebtedness is a mere legal conclusion it is not admitted by demurrer or failure to deny.

It is contended that, "It is a well established rule that pleadings should state facts and not mere conclusions of law; and it is also a rule that special verdicts should find the ultimate facts. Mere conclusions of law will add nothing to the force of a special verdict and will be disregarded by the court in determining the sufficiency of the verdict." It is summar-

ized: In order to create a debt in favor of one and against another, there must first be a contract, express or implied, and a debtor and creditor.

It is claimed that since the company was a trespasser, an action for use and occupation cannot lie against it because such action must be based on contract.

Attorneys—Watson, Davis, Joseph & McLeskey, for company; for Jones, not given.