## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday    50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ...............................  .35

When cash is mailed to us in advance
20 per cent discount

**THE LAW ABSTRACT COMPANY**

Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

### REHEARING GRANTED

We have come into possession of further facts in the case of McCracken v. Ziehm, 3 Abs. 573, reported in the Court of Appeals opinions, to the effect that defendant in error was granted an application for rehearing, and the entry originally made was vacated, final judgment being rendered in favor of defendant in error.

Company; C. C. Crabbe, R. R. Zurmehly, Columbus, for Duffy.

19007. Grace Y. Du Vall, et al. v. George C. Faulkner, et al. Dock. 3-10-25; 3 Abs. 162. Attorneys: George H. Phelps, Findlay, for Du Vall; Matt J. Mosbacher, John E. Betts, Findlay, for Faulkner.

19141. Charles N. Keith, et al v. State ex William Mills, et al. Dock. 5-12-25, 3 Abs. 329. Attorneys: Stewart L. Tatum, Springfield, for Keith et; Otho L. McKinney, Prosecuting Attorney, A. C. Link, John M. Cole, Springfield, for State ex.

#### Tuesday, Oct. 27, 1925

19005. G. Z. Weintraub v. Ohio Bell Telephone Co. Dock. 3-7-25, 3 Abs. 162. Attorneys: Quitman & Weintraub, Frank A. Green, Cleveland, for Weintraub; Tolles, Hogsett, Ginn & Morley, Cleveland, for Company.

19015. The Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Henry Potter. Dock. 3-12-25, 3 Abs. 184. Attorneys: S. H. West, C. C. Handy, D. G. Jaeger, Cleveland, for Company; Anderson, Lamb & Marsteller, Youngstown; J. J. Tetlow, Cleveland, for Potter.

#### Wednesday, Oct. 28, 1925

18994. James McKee Robinson et al v. J. J. Robinson, et al. Dock. 3-3-25, 3 Abs. 146. Attorneys: N. R. Harrington, Bowling Green; Frank A. Harrington, Toledo, for Robinson; A. A. Slaybaugh, Leipsic; Ernest M. Botkins, Lima, for Robinson et.

19056. Carl Decker v. The State of Ohio. Dock. 4-1-25, 3 Abs. 233. Attorneys: Harry L. Risinger, Hugh R. Gilmore, Eaton, for Decker; Ralph G. Sever, Prosecuting Attorney, V. V. Brumbaugh, Eaton, for State.

19315. Joseph A. Shriver, a taxpayer, v. S. N. Greenlee, Clerk, etc. Dock. 8-10-25, 3 Abs. 514. Attorneys: Blair & Blair, Portsmouth, for Shriver; Clarence F. Denning, Cincinnati, for Greenlee.

#### (On Rehearing)
#### Tuesday, Sept. 29, 1925

18724. Maggie L. Gath v. The Travelers Insurance Co. Dock. 7-23-24, 2 Abs. 483. Attorneys: W. C. Shepard, Andrews, Andrews & Rogers, Hamilton; Frank H. Ward, Columbus, for Gath; Harry S. Wonnell, Hamilton; McMahon, Corwin & Landis, Dayton; Sawyer & Paxson, Cincinnati, for Company.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

### Published in This Week's Abstract

**114. ATTORNEY AND CLIENT.**

Is attorney entitled to fees to be charged to Industrial Commission for services rendered for claimant in Court of Appeals and Supreme Court; where Commission prosecuted error, and was unsuccessful therein? Purnhagen et v. Ind. Comm. OS. Pend. 3 Abs. 596.

**206. CARE.**

Standard of, being ordinary care, does not change, but degree of, does. Basham v. Baker. OA. 3 Abs. 591.

**225. CHARGE TO JURY.**

Proper to submit whether or not there was a custom, certain and uniform; generally acquiesced in, in the neighborhood as to number of crates to be used for harvesting onions; but charge must include all the elements in respect to custom. Hough v. Stone. OA. 3 Abs. 587.

**297. CONTRACT.**

Of lease, being in writing and ambiguous in character is for court to construe and not for the jury to interpret. Hough v. Stone. OA. 3 Abs. 587.

**313. CORPORATIONS.**

Where book entries are made by fraudulent promoters of a corporation , as part of a scheme to defraud; and to credit a corporation with income which it did not in fact receive, the same is to be disregarded. Miller et v. Homesite Realty Co. Supr. Ct. 3 Abs. 593.

**355. DAMAGES.**

Member of Local, affiliated with Union, where latter, in violation of its constitution, does not secure employment for member, has right against it for damages. Kiser v. Motion Pict. Union. Supr. Ct. 3 Abs. 594.