19240—Eli Winton v. Universal Machine Co. Motion for Wood Appeals to certify. Overruled. Dock. 7-3-25; 3 Abs. 417.

19247—Henry W. Meyer v. Cino Auto Products Co. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-8-25; 3 Abs. 435.

19248—Frederick H. McDonald v. Charles McDonald et al. Motion for Lucas Appeals to certify. Overruled. Dock. 7-8-25; 3 Abs. 435.

19252—Paul Pecsok v. Rev. Eugene A. Vecszy. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 7-10-25; 3 Abs. 435.

19253—St. Marys Gas Co. v. L. C. Brodbeck, Admr. Motion for Auglaize Appeals to certify. Allowed. Dock. 7-11-25; 3 Abs. 435.

19254—Frank D. Middaugh v. Daniel W. Miller. Motion for Preble Appeals to certify. Overruled. Dock. 7-11-25; 3 Abs. 435.

19256—Anthony Krieger v. Virginia Skalski, Admrx. Motion for Lucas Appeals to certify. Overruled. Dock. 7-13-25; 3 Abs. 451.

19262—Sebastian Cannava v. B. R. Drees. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-13-25; 3 Abs. 451.

19264—Morgan A. Reinhart v. Great American Mutual Indemnity Co. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-14-25; 3 Abs. 451.

19265—City of Cincinnati v. Public Utilities Commission of Ohio. Motion by the Union Gas and Electric Co. to be made party defendant. Allowed. Dock. 7-14-25; 3 Abs. 451.

19267—A. L. Belch v. W. M. George. Motion for Putnam Appeals to certify. Overruled.

19275—George Remus v. K. W. Murray. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-18-25; 3 Abs. 466.

19284—Henry Nottage v. Frances Fisher, Guardian. Motion for Lucas Appeals to certify. Overruled. Dock. 7-24-25; 3 Abs. 466.

19286—John Raymond Owens v. Florence G. Owens. Motion for Lucas Appeals to certify. Overruled. Dock. 7-24-25; 3 Abs. 466.

19299—Emelia H. Pritz, et al v. Frank Messer, et al. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-30-25; 3 Abs. 482.

19299—Emelia H. Pritz, et al v. Frank Messer, et al. Motion by defendants to dismiss No constitutional question involved. Dock. 7-30-25; 3 Abs. 482.

19299—Emelia H. Pritz, a taxpayer, v. Frank Messer et al. Motion by City Solicitor to dismiss petition in error as of right. Sustained. Petition in error dismissed. No constitutional question involved. Dock. 7-30-25; 3 Abs. 482.

19322—Andrew Erhart et al v. Charles W. Sadgebury. Motion for Montgomery Appeals to certify. Overruled. Dock. 8-13-25; 3 Abs. 514.

# Abstracts of Last Week's
# SUPREME COURT OPINIONS

## SYLLABI
## No. 919

No. 19091—A. H. Fouts v. The State of Ohio. Error to the Court of Appeals of Perry County.

**333. CRIMINAL LAW—1.** Members of association organized for purpose of apprehending and convicting criminals may make arrests anywhere within state, subject to 10203 and 10204 GC.

**2.** Where indictment charges impersonation of officer and when defendant had pleaded not guilty, reversible error for court to give jury his own conclusions upon guilt of defendant and to state he has no defense.

**3.** Question of whether or not there has been false representation as to being a police officer is one of fact for jury.

ALLEN, J.

1. Under Section 10200 et. seq., General Code, members of an association incorporated for the purpose of apprehending and convicting any person or persons accused of either felony or misdemeanor, may make arrests subject to the limitations prescribed in Sections 10203 and 10204, General Code, anywhere within the state.

2. The word "falsely" as used in Section 12860, General Code, means a representation designedly untrue and deceitful, and implies an intention to perpetrate some treachery or fraud.

3. Upon the trial of an indictment for impersonating an officer when the defendant has pleaded not guilty, it is reversible error for the court in his charge to the jury to give his own conclusions upon the guilt of the defendant, and to state that the defendant has no defense.

4. Upon trial of an indictment under the provisions of Section 12860, General Code, for impersonating a police officer, a plea of not guilty having been entered by the defendant, who is a member in good standing of an association incorporated for the purpose of apprehending and convicting persons accused of felony or misdemeanor, the question whether the defendant has falsely represented himself to be a police officer is a question of fact for the jury.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Day, and Kinkade, JJ., concur. Robinson, J., not participating.

## No. 920

No. 19006—The Pennsylvania Railroad Co. v. H. N. Oberlander. Error to the Court of Appeals of Crawford County.

**991. RAILROADS—1.** Company not liable for damages resulting from delay in shipment during period road was under federal control and being operated by Director General of Railroads.

**2.** Action arising out of federal control, brought after its termination, should be against agent designated by the President.

MATTHIAS, J.

1. A railroad company is not liable on a claim for damages resulting from delay in a shipment of freight occurring during the period its road was under Federal control and being operated by the Director General of Railroads.

2. Under the provisions of Section 206 (a) of the Transportation Act of 1920 an action at law arising out of the operation of railroads under Federal control brought after the termination of Federal control should be against the agent designated by the President and cannot be maintained unless instituted within the period of two years after the date of the passage of that act.

Judgment reversed and judgment for plaintiff in error.