# PROCEEDINGS OF SUPREME COURT

## GENERAL DOCKET

Eager v. Pub. Util. Comm............ 19319

## MOTION DOCKET

Am. Legion v. McKell............... 19281
Butler v. Findlay (City).............. 19219
Cinn. Bd. of Ed. v. Ross Bros........ 19243
Frate et v. Rimenik et............... 19344
Gilmour v. Cross .................. 19285
Nurmi v. Cleveland (City)........... 19428
Purnhagen et v. Ind. Comm. et....... 19289

## OHIO SUPREME COURT

### TUESDAY, DECEMBER 8, 1925

### GENERAL DOCKET

19319—Frank Eager, Jr., v. Public Utilities Commission of Ohio; error to the Public Utilities Commission. Order affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 8-2-25; 3 Abs. 514; OS. Pend. 3 Abs. 661.

### MOTION DOCKET

19219—H. W. Butler v. City of Findlay, O. Motion to dispense with printing of record. Allowed. Dock. 6-19-25; 3 Abs. 401; OS. Pend. 3 Abs. 519.

19243—Board of Education of the City of Cincinnati v. Ross Brothers. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-8-25; 3 Abs. 435.

19281—In the Matter of the distribution of the funds of Ross County, Ohio. The American Legion of Ross County v. William Scott McKell. Motion for Ross Appeals to certify. Overruled. Dock. 7-22-25; 3 Abs. 466; OS. Pend. 3 Abs. 626.

19282—Fred A. Niebes v. Michele Silvestro et al. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 7-22-25; 3 Abs. 466; OS. Pend. 3 Abs. 644.

19285—W. C. Gilmour, Admr. v. Allie Cross. Motion for Warren Appeals to certify. Overruled. Dock. 7-23-25; OA. 3 Abs. 699.

19289—Nellie Purnhagen et al v. Industrial Commission of Ohio et al. Motion for Hamilton Appeals to certify. Overruled. Dock. 7-24-25; 3 Abs. 466.

19344—Marie Frate et al v. Fanny Riminik et al. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 8-31-25; 3 Abs. 562.

19344—Marie Frate et al v Fanny Riminik. et al. Motion by defendant to dismiss petition in error as of right. Sustained. Dock. 8-31-25; 3 Abs. 546.

19428—Emil Nurmi v. City of Cleveland. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 11-19-25; 3 Abs. 738.

19428—Emil Nurmi v. City of Cleveland. Amended motion for Cuyahoga Appeals to certify. Overruled. Dock. 11-19-25; 3 Abs. 738.

19428—Emil Nurmi v. City of Cleveland. Motion by defendant to dismiss motion "for leave to file petition in error." Overruled. Dock. 11-19-25; 3 Abs. 738.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABUS.

### No. 994

No. 19319—Frank Eager, Jr. Bryan, Ohio, v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

1190. TRANSPORTATION—Where applicant for certificate of convenience and necessity to operate in Ohio to point beyond state line does not desire certificate for interstate transportation exclusively, cannot state that refusal to issue certificate for intrastate service interferes with interstate commerce.

Proof of conditions, rather than consensus of opinions will govern in determining need for service.

ROBINSON, J.

1. Where an applicant for a certificate of convenience and necessity to operate a motor transportation service over a highway in Ohio to a point beyond the state line, disclaims any desire to receive a certificate to render an exclusively interstate transportation service, he will not be heard to complain that the denial of a certificate to render an intrastate transportation service interferes with interstate commerce.

2. In determining whether public necessity and convenience require motor transportation service over a highway in this state, the Public Utilities Commission will be governed by proof of conditions existing in the territory to be served, rather than by the consensus of opinions expressed by witnesses that a necessity exists.

Order affirmed.

Marshall, CJ., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

(Continued from Page 763)

### No. 995

### HUTSON v. BRIGGS

No. 19410. Supreme Court

On motion to certify. Dock. Nov. 10, 1925; 3 Abs. 722.

(47. BILLS AND NOTES—In an action to vacate cognovit judgments on the ground that a son had signed his father's name to the notes without authority, must verbal authority for the son to sign his father's name be proved by "clear and convincing" evidence?

Rufus Hutson, his wife Emma and his son Frank filed five suits to vacate cognovit judgments rendered in the Fayette Common Pleas by virtue of several promissory notes upon which their names appeared as makers. It was established by the evidence that a son of Hutson had signed the names which appeared on the notes and his claim that the son was without authority to sign their names to notes.