One year (50 issues) Payable in Advance........$15.00
Single Numbers .................................  .35

When cash is mailed to us in advance
20 per cent discount

THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library

13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

## SEPARATE ACTION TO COLLECT JUDGMENT DISAPPROVED

An effort to reach the property of a judgment debtor after execution had been returned unsatisfied, by bringing a separate action in the same court seeking a receiver for a corporation that is alleged to be the exclusive property of the judgment debtor, was disapproved of in a Hamilton county decision recently announced by Judge Darby. The court, in sustaining a demurrer to the petition, held that the various statutes under which a judgment debtor's property may be appropriated in the original action constitute an adequate remedy for the judgment creditor under these circumstances. Court Index.

No. 731
BUTLER et v. FINDLAY (City)
No. 19219. Supreme Court

On motion to certify. Dock. June 19, 1925; 3 Abs. 401.

1159. TAXES AND ASSESSMENTS—1. Should special assessment for improvement of road in suburb of city be paid by abutting property owners, or be borne by municipality as whole?

2. Where there are two inconsistent paragraphs in section, which prevails?

H. W. Butler et al filed their petition in the Hancock Common Pleas to enjoin special assessment of their abutting premises for the improvement of a section of a county road in the suburbs; within the corporate limits of the city of Findlay, said improvements being exclusively within municipal territory. The Common Pleas, after hearing the case on the petition, reduced the assessment to 33 1-2% of the value of the several properties assessed, but refused to enjoin the entire special assessment. This judgment was affirmed by the Court of Appeals.

On motion to certify in the Supreme Court it is presented as to whether under 6949 to 6953 GC., (providing for improvements of state and county roads within municipal territory) the city contributing to the cost of such improvement, under its contract with the county commissioners, may assess the larger part of the cost of its contribution upon the immediate abutting property, under 6950 GC., or whether cost of such contribution shall go on tax duplicate of the city and be borne by the municipality as a whole.

It is contention of Butler that special assessments of suburban properties to improve state and county roads as a means of ingress to and egress from the municipality, was not intended, or authorized by the state and county road improvement laws adopted in 1917 (107 OL. 107-8-9) and that under 6951-1 GC., the city under its contract is clearly required to bear the contribution.

Under 6950 and 6951 GC. contribution is to be met by special assessment. Under 6951-1 GC., "by municipality as a whole." The question arises, can effect be given both of those inconsistent provisions of the same act? "The different sections and parts of sections of the same legislative act should, if possible, be so interpreted as to harmonize and give effect to each and all, but if there is an irreconcilable conflict, the later in position should prevail. Special provision of any legislative enactment must prevail over general provisions." State ex v. Ind. Comm., 105 OS. 103.

It is contended, to attempt to discriminate against suburban abutting property owners upon a state or county road, in respect to the burden of its improvement, solely because some part of the same improvement extended beyond the corporation line, would be violative of the constitution's guarantees as there is no substantial basis for their classification.

Attorneys—Geo. H. Phelps for Butler et; W. S. Snooks for City; both of Findlay.

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

Published in this and last week's Digest.

**103. ASSESSMENTS**

Sections 6454-55 and 84 GC. provide method of levying within municipality. Ditch Law In re. Atty. Gen., 3 Abs. 513.

**127. BANKRUPTCY**

Does acceptance of security by lender, constitute a preference under the Bankruptcy Act, when said lender has knowledge that debtor uses money loaned to pay other creditors? Monroe Bank v. Sears, Trustee. OS. Pend. 3 Abs. 517.

**187. BUILDINGS**

1. Motion of city council to building commissioner, to refuse building permit until zoning ordinance was acted upon it, is of no legal effect, being advisory only.