### No. 688
### TAX COMMISSION v. JONES, Admr.
### No. 19241. Supreme Court

On motion to certify. Dock. July 6, 1925; 3 Abs. 435.

630. INHERITANCE TAXES—In absence of a known market value, how is "actual market value" of closed and unlisted shares of stock, to be determined?

1277. WORDS & PHRASES—What is meaning of "actual market value" under 5341 GC?

Arthur Jones died intestate on Dec. 14, 1921 and Thomas Jones, a brother, was appointed administrator by the Probate Court. Jones, the administrator, thereafter filed his petition in the Cuyahoga Probate Court asking for a determination of the inheritance tax due the State from those entitled to succeed to the property of the said Arthur Jones.

The auditor of the county, in compliance with 5341 GC., was ordered to appraise and fix the actual market value of the estate of Arthur Jones which consisted principally of 1200 shares of capital stock of the W. M. Pattison Co. The auditor found the value to be $463,500. Exceptions were filed to this report and on hearing in the Probate Court, the value of the stock was fixed at $269,868.

Proceedings were appealed to the Cuyahoga Common Pleas where it was conceded that the Pattison Co. was a close corporation, its shares of stock not being listed on any stock market, and that no sale of stock had taken place for many years before or since the death of Jones. The Common Pleas adopted the value fixed by the auditor and rendered judgment in favor of the Tax Commission reversing the Probate Court. The Court of Appeals reversed the judgment of the Common Pleas and affirmed that of the Probate Court in favor of Jones and the heirs.

The case is taken to the Supreme Court, where it is contended that the phrase "actual market value" as used in 5341 GC., should be given the construction that in the absence of an open and notorious market, the net worth of the assets of the corporation, after making due allowances for depreciation and adding thereto the value of the good will, represents the actual market value of shares of stock having no known market value. It is claimed that to permit any other construction would be to open the door to excessive or low

Continued on Page 488

---

# CONCORDANCE OF CASES
# Published in the Abstract

Armuleuis v. Koblitz. OS. Pend. 3 Abs. 315; Dock. 19082, April 20, 1925, 3 Abs. 265; mo. cer. all. 3 Abs. 402.

Byers v. Rugg. OA. 3 Abs. 182; Dock. 19066, April 9, 1925, 3 Abs. 249; mo. cer. ov. 3 Abs. 402.

Charles v. Allard. OA. 3 Abs. 340; Dock. 19100, April 24, 1925, 3 Abs. 278; mo. cer. ov. 3 Abs. 402.

Chase v. Chase. OS. Pend. 3 Abs. 454; Dock. 19182, 6-1-25, 3 Abs. 359; mo. cer. ov. 3 Abs. 418.

Cleveland (City) v. Ferrando. OS. Pend. 3 Abs. 330; Dock. 19028, 3-18-25, 3 Abs. 198; mo. to extend time all. 3 Abs. 417.

Columbus Ry. P. & L. Co. v. Thomas. OS. Pend. 3 Abs. 452; OA. 3 Abs. 308; Dock. 19173, 5-28-25, 3 Abs. 359; mo. cer. ov. 3 Abs. 418.

Davis v. Oswald & Taube. OS. Pend. 3 Abs. 420; Dock. 19155, 5-18-25, 3 Abs. 341; mo. cer. all. 3 Abs. 402.

D. T. & I. R. R. Co. v. Rohrs. OA. 3 Abs. 276; Dock. 19113, 5-4-25, 3 Abs. 297; mo. cer. all. 3 Abs. 417.

D. T. & I. R. R. Co. v. Vogely. OA. 3 Abs. 394; OS. Pend. 3 Abs. 419; Dock. 19114, 5-4-25, 3 Abs. 297; mo. cer. all. 3 Abs. 417.

Fike v. Kirk et. OS. Pend. 3 Abs. 403; Dock. 19148, 5-15-25, 3 Abs. 329; mo. cer. ov. 3 Abs. 402.

Getz v. Wilkins-Leonard Hdw. Co. OA. 2 Abs. 472; Dock. 19170, 5-27-25, 3 Abs. 359; mo. cer. ov. 3 Abs. 418.

Goff-Kirby Coal Co. v. East Ohio Gas Co. OS. Pend. 3 Abs. 404; Dock. 19165, 5-21-25, 3 Abs. 341; mo. cer. ov. 3 Abs. 418.

Kmiecik v. Koryta. OS. Pend. 3 Abs. 333; Dock. 19124, 5-8-25, 3 Abs. 313; mo. cer. ov. 3 Abs. 402.

Leagich v. Melniczyn. OS. Pend. 3 Abs. 419; Dock. 19176, 5-29-25, 3 Abs. 359; mo. cer. ov. 3 Abs. 418.

Lentz v. Lentz. OA. 3 Abs. 231; Dock. 19145, 5-14-25, 3 Abs. 329; mo. cer. ov. 3 Abs. 402.

Loyer v. Kessler. OA. 3 Abs. 396; Dock. 19143, 5-13-25, 3 Abs. 329; mo. cer. ov. 3 Abs. 402.

Maddex v. Columber. OA. 3 Abs. 356; Dock. 19166, 5-26-25, 3 Abs. 359; mo. cer. all. 3 Abs. 418.

Mettling v. Globe Indemnity Co. OS. Pend. 3 Abs. 418; Dock. 19168, 5-27-25, 3 Abs. 359; mo. cer. ov. 3 Abs. 418.

Nicholas v. Reeves Mfg. Co. OS. Pend. 3 Abs. 452; Dock. 19175, 5-28-25, 3 Abs. 359; mo. cer. ov. 3 Abs. 418.

North. Ohio Trac. Co. v. Quaker Oats Co. OA. 3 Abs. 432; Dock. 19137, 5-12-25, 3 Abs. 329; mo. cer. all. 3 Abs. 402.

Nye v. Elyria Sav. and Trust Co. OA. 3 Abs. 356; Dock. 19133, 5-12-25, 3 Abs. 329; mo. cer. ov. 3 Abs. 402.

Pulliam v. Laboratories Co. OS. Pend. 3 Abs. 344; Dock. 19110, 5-1-25, 3 Abs. 297; mo. cer. ov. 3 Abs. 402.

Royal Indem. Co. v. Day & Maddock Co. OS. Pend. 437; Dock. 19104, 4-25-25, 3 Abs. 278; mo. cer. all. 3 Abs. 402.

Stanley v. State. OA. 3 Abs. 294; Dock. 19142, 5-12-25, 3 Abs. 329; mo. cer. ov. 3 Abs. 402.

Stark v. Steube. OS. Pend. 3 Abs. 435; Dock. 19160, 5-21-25, 3 Abs. 341; mo. cer. ov. 3 Abs. 417.

Tracy, Aud., v. Deer Park. OA. 3 Abs. 325; Dock. 19101, 4-24-25, 3 Abs. 297; OS. Pend. 3 Abs. 405; mo. cer. ov. 3 Abs. 402.

White v. Kane. OS. Pend. 3 Abs. 421; Dock. 19163, 5-21-25, 3 Abs. 341; mo. cer. ov. 3 Abs. 417.

PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923.
at the Post Office, Cleveland, Ohio,
under the Act of March 3, 1879

Issued Every Wednesday        50 Weeks of the Year
SUBSCRIPTION PRICES AND TERMS
One year (50 issues) Payable in Advance.......$15.00
Single Numbers ...............................35
When cash is mailed to us in advance
20 per cent discount

THE LAW ABSTRACT COMPANY
Office *Editorial Rooms and Library*
13916 Euclid Avenue, Cleveland, O.
Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

## THIS WEEK'S DIGEST
### Cases Published in the Abstract

Published in this and last week's Digest.

**413. ALIMONY.**

Award of, when based upon present value of husband's property, there being a division in nature of a partition, should not include a contingent interest for the purpose of fixing the present value of said property, *it being too remote.* Burdsal v. Burdsal. OA. 3 Abs. 460.

**70. AMENDMENTS**

In Judicial Code (Comp. St. Aun. Supp. 1919 Sec. 1246) authorizing reversal for miscarriage of justice, held not to remove necessity for ruling by court below upon a point before it can be raised on review. Westfall et v. United States Fed. Opin., 3 Abs. 481.

**112. ATTACHMENTS AND GARNISHMENT**

1. Garnishee cannot avail itself of defense, that defendant in attachment suit was entitled to claim money in its hands, and was exempt from execution because of said defendant's privilege to select and hold personal property exempt from execution.

2. If such defendant did not claim the money as exempt he waived it. Penna. Rd. Co. v. Bell. OA. 3 Abs. 475.

**118. AUTOMOBILES**

When pedestrian is injured by reason of his own act, such act may be held to be the proximate cause thereof to him by driver of automobile only when it provokes or brings the injury. Dearwester v. State. OA. 3 Abs. 478.

1. Fact that safety zone was not pleaded in action for injury to a person standing within it, not important; *if otherwise competent, should have been* admitted in evidence.

2. When power to describe the business and closely built up district is not delegated to city under existing statute, an ordinance tending to do so is incompetent and properly excluded. Haynes v. Cashner. OA. 3 Abs. 458.

**147. BILLS AND NOTES**

Is agreement of indorsers who, as directors and stockholders of corporation, who agree to be responsible for notes in proportion to their holding in corporation, in case it fails to pay notes, admissible under parol evidence rule of Negotiable Instrument Act? Armentrout v. Fairbanks & Peters et, OS. Pend. 3 Abs. 483.

**165. BONDS**

Does issuance of bond by board of education for a new building. *constitute abuse of discretion, if said board* has acted upon order of Division Engineer? Industrial

Comm. et v. Snyder et, OS. Pend. 3 Abs. 482.

**209. CARRIERS.**

When bill of lading has been issued, carrier is liable to consignee named in non-negotiable bill, or holder of negotiable bill of the goods therein, for damages caused by non-receipt; said holder relying upon the description. Penna. Rd. Co. v. Fitch. Co. OA. 3 Abs. 461.

**288. CONSPIRACY**

Evidence tending to show is relevant even though but one act be alleged. Westfall v. United States. 3 Abs. 481.

**297. CONTRACTS**

Rescission of, if plaintiff does not sustain his burden of proof by showing clearly and convincingly that contract was divisible in its nature and so intended by the parties, will not be permitted. Ryley v. Langenbach. OA. 3 Abs. 475.

**305. CONVEYANCE.**

Where there is a valid consideration shown, and grantee is without knowledge that it was made for the purpose of hindering, delaying and defrauding creditors, cannot be declared null and void. Bales v. Robinson. OA. 3 Abs. 460.

**313. CORPORATIONS.**

1. In absence of express authority, no officer of, is authorized to dispose of accumulations of.

2. Profits of, belong to it until declared dividends by directors. McCullough v. Nunner & Ashton Co. OA. 3 Abs. 462.

**327. COURTS.**

To construe statutes as found and not to arbitrarily set them aside. State v. Guinea. OA. 3 Abs. 463.

**367. DEEDS**

1. Various conveyances, of land abutting on certain roadway in which reservations are made for the roadway by grantors; in order to construe, said deeds, must be considered together and not individually.

2. Grant in each deed should be considered as an appurtenant and not as a easement in gross. Nat. Stone & Sand. Co. v. Mauser et. OA. 3 Abs. 480.

**445. EASEMENTS.**

Evidence of ownership of certain land, when directed to conditions existing from 1920 until date of trial, rather than to those spoken of in will executed years before, will not sustain title by adverse possession. Muerth v. Best. OA. 3 Abs. 459.

**488. ELECTIONS**

Where fraudulent votes and mistakes are alleged in election of Common Pleas Judge, contestant, in order to establish a prima facie case, must show, that with said votes and mistakes cast out he would have been elected. Corlett v. Pearson. OA. 3 Abs. 479.

**465. ERROR.**

Should it be ground for reversal when it exists in charge to jury but does not affect deliberations of jury as to compensatory damages where there has been a promise to marry and a breach thereof? Allen v. Ricketts. OS. Pend. 3 Abs. 466.

**480. EVIDENCE**

Exclusion of documentary—Subsequent evidence of contents, when admissible. Criterion Clothing Co. v. Clark & Goodman. OS. Pend. 3 Abs. 483.

Where question of fraudulent representations is at issue, a more liberal policy as to introduction of evidence becomes desirable and necessary. Smill v. Weiss et. OA. 3 Abs. 477.

**661. INTOXICATING LIQUORS**

The guaranteeing of fidelity, title and credit bonds etc.—for a money consideration by a surety company, organized for such business, on application for a liquor permit, *should be construed under the laws of insurance* and principal allowed to recover premium paid for it.

U. S. Fid. & Guar. Co. v. Freedman et al.   OA. 3 Abs. 476.

1. Where liquor is seized by officers, question of whether they are unfair or prejudiced, to be taken into consideration.

2. Evidence should be such as to satisfy the mind beyond reasonable doubt.   Hlabek v. State.   OA. 3 Abs. 478.

1. Possession of grape juice which by fermentation has become intoxicating and is kept for beverage purposes, is violation of Prohibition Statutes.

2. Fact that change has taken place in character of, due to process of nature, of no avail.

3. "Crabbe Act" to be construed against violator. State v. Guinca.   OA. 3 Abs. 463.

Irregularity in search warrant does not prevent trial and conviction for unlawful possession of.   Thomas v. State.   OA. 3 Abs. 463.

**677. JUDGMENTS.**

1. Interest thereon accrues from the first day of the term at which it was rendered, except where action is begun at same term in which judgment was rendered, or where judgment is by confession.

2. Interest computed from first day of the term and not from date of rendition.   North. Ohio Trac. Co. v. Evans, Admrx.   OA. 3 Abs. 464.

**707. LEASE.**

Where at expiration of, there is hold over by tenant, lease is renewed for another term unless there is new agreement by which tenant could hold over for a less term than specified in lease.   Miller v. Swetland Co. OA. 3 Abs. 458.

**745. MALICIOUS PROSECUTION.**

1. If party puts facts of case before counsel, for opinion as to whether or not there exists a probable cause for swearing out a warrant, and party swears out such a warrant in accordance with counsel's advice; that is a complete defense.

2. Not so if all the facts of the situation are not put before counsel.   Reflex Ignition Co. v. Wies.   OA. 3 Abs. 459.

**787. MORTGAGES.**

Conveyance, though absolute upon its fact, when it is executed for purpose of securing an obligation or a debt, is a mortgage in equity.   Bales v. Robinson. OA. 3 Abs. 460.

1. So-called "service charge" of five per cent deducted by mortgagee from mortgage loan, is not within contemplation of 8321-1 GC. and is illegal, as against those who furnish labor and material.

2. When mortgagee pays entire mortgage fund to owner instead of paying on owner's order directly to material men and owner fails to pay them, liens of such material men are superior to that of mortgage.   Simpson v. Lewis et.   Comm. Pleas. 3 Abs. 481.

**793. MOTOR VEHICLES**

Certificate of public convenience and necessity.—Revival of under 614-93 GC.—Notice of under 614-91 GC. Cleve. A. & C. Bus Co. v. Pub. U. Comm.   3 Abs. 484.

**797. MUNICIPAL CORPORATIONS.**

Where proceedings of incorporating a village have been complied with, except the election of officers, said officers must be elected under 3536 GC. (seemingly mandatory) in order to surrender corporate power under 3513 GC.   Atty. Gen. op., 3 Abs. 465.

**851. NOTICE**

Does explosion of natural gas in a house warrant inference, either actual or constructive, of defective condition of main line, meters, or appliances, to Gas Co? St. Marys Gas Co. v. Brodbeck, Admr.   OS. Pend. 3 Abs. 485.

**884. PAROL EVIDENCE**

Introduction of, did not change terms of will; merely enabled court to carry into effect intention of testator expressed in will.   Moran et v. Murphy et.   OA. 3 Abs. 474.

Continued from Page 486
valuations and even perhaps to fraudulent assessments.

It is further contended, that affidavits of a statistician setting forth a comparison of the earnings of the Pattison Co. with the earnings of other corporations having a known market value as showing probable market value of the Pattison Company's stock, was unfair and unjust comparison.   It is alleged that a comparison of a closed corporation to other corporations does not take into consideration the character of management, conditions of stock, ability and extent of a market for corporate products etc.

The Commission contends that the Legislature intended "actual market value" to be synonymous to "actual cash value," and under this interpretation, an appraisal of closely held stock in a corporation with a large capitalization is no different from the assessment of a business with large assets owned by an individual.   It would be impossible, in order to ascertain the assets of the individual business to compare its inventory with any other thing. It is claimed that the meaning of "actual market value" in absence of a known market value, is the value of the corporate assets.

Attorneys—Edward C. Stanton, Pros. Atty., and Guy R. Wheeler, Asst. Pros. Atty., for Tax Commission; Herrick, Hopkins, Stockwell & Benesch for Jones; all of Cleveland.

# TABLE OF CASES

### SUPREME COURT—PENDING CASES
Allen v. Ricketts, 3 Abs. 466.
Armentrout v. Fairbanks & Peters et, 3 Abs. 483.
Burke v. Bader; 3 Abs. 485.
Criterion Clothing Co. v. Clark & Goodman, 3 Abs. 483.
Cleve. A. & C. Bus Co. v. Pub. U. Comm., 3 Abs. 484.
Industrial Comm. v. Snyder et, 3 Abs. 482.
St. Marys Gas Co. v. Brodbeck, Admr., 3 Abs. 485.
Tax Com. v. Jones; 3 Abs. 486.

### COURT OF APPEALS
Bales v. Robinson et, 3 Abs. 460.
Burdsal v. Burdsal, 3 Abs. 460.
Cincinnati Trac. Co. v. Myers. 3 Abs. 462.
Corlett v. Pearson, 3 Abs. 479.
Dearwester v. State, 3 Abs. 478.
Erie Rd. Co. v. Herman, 3 Abs. 477.
Haynes v. Cashner, 3 Abs. 458.
Hlabek v. State, 3 Abs. 478.
McCullough v. Nunner & Ashton Co., 3 Abs. 462.
Miller v. Swetland Co., 3 Abs. 458.
Moran et v. Murphy et, 3 Abs. 474.
Muerth v. Best, 3 Abs. 459.
Nat. Stone & Sand Co. v. Mauser et, 3 Abs. 480.
North. O. Trac. Co. v. Evans, Admrx, 3 Abs. 464.
Penna. Rd. Co. v. Bell, 3 Abs. 475.
Penna Rd. Co. v. Fitch, 3 Abs. 461.
Reflex Ignition Co. v. Wies, 3 Abs. 459.
Ryley v. Langenbach, 3 Abs. 475.
Smill v. Weiss et, 3 Abs. 477.
State v. Guinca, 3 Abs. 463.
Terry v. McShaffrey Const. Co., 3 Abs. 478.
Thomas v. State, 3 Abs. 463.
U. S. Fid. & Guar. Co. v. Freedman, 3 Abs. 476.

### COMMON PLEAS COURT
American Legion v. Colville et, 3 Abs. 465.
Simpson v. Lewis et, 3 Abs. 481.

### ATTORNEY GENERAL'S OPINIONS
In Re Village Incorporation, 3 Abs. 465.

### FEDERAL COURT
Westfall et v. United States, 3 Abs. 481.