Allison v. Stevens .................. 19312
Associated Consumers & Dealers v.
  Better Business Com. .............. 19307
Baltimore & Ohio Rd. Co. v. Rhodes .... 19308
Becker v. Pub. Util. Comm............ 19304
Cincinnati Trac. Co. v. Pub. Util. Comm 19313
Marcoginseppe v. State .............. 19305
Morton v. Davazac .................. 19314
New Amsterdam Cas. Co. v. Norwalk,
  (City) ............................ 19306
Northern Mutual Life Ins. v. New
  Fisheries Co. ..................... 19310
Saginaw Bay Co. v. Thompson, et al.... 19309
Schaffer v. Schaffer ................ 19311

### AUGUST 1, 1925
19304—Edwin G. Becker, Receiver, etc. v. Public Utilities Commission; error to the Public Utilities Commission of Ohio. John A. Scanlon, Cincinnati, for pltf; C. C. Crabbe, J. W. Bricker, Columbus, for deft.

19305—Frank Marcoginseppe v. State of Ohio; motion for leave to file petition in error to the Cuyahoga Appeals. Buonpane, Marshman & Buonpane, Cleveland, for pltf.; E. C. Stanton, David Kammer, Cleveland, for deft. (This motion was heard at chambers by Judges Matthias and Robinson and allowed.)

### AUGUST 4, 1925
19306—New Amsterdam Casualty Co. v. City of Norwalk, Ohio, et al; motion for Huron Appeals to certify. Denman, Wilson, Miller & Wall, Toledo, for pltf; Chas. Suler, G. Roy Craig, Rowley & Carpenter, Norwalk, for deft.

### AUGUST 5, 1925
19307—Associated Consumers and Dealers, a partnership, v. Better Business Commission, an unincorporated association; motion for Lucas Appeals to certify. Eldon H. Young, Toledo, and B. F. James, Bowling Green, for pltf.; Percy R. Taylor, Toledo, for deft.

19308—Baltimore & Ohio Southwestern Railroad Co. v. George H. Rhodes; motion for Ross Appeals to certify. John P. Phillips and Minshall & Phillips, Chillicothe, for pltf; J. D. Withgott and W. M. McKenzie, Chillicothe, for deft.

19309—Saginaw Bay Company et al v. James C. Thompson, et al; motion for Cuyahoga Appeals to certify. A. Kollin, Cleveland, for pltf; Griswold, Green, Palmer & Hadden, Cleveland, for deft.

### AUGUST 6, 1925
19310—Northwestern Mutual Life Insurance Co. v. New Fisheries Co.; motion for Hamilton Appeals to certify. Maxwell & Ramsey and G. B. Moorman, Cincinnati, for pltf; Dinsmore, Shohl & Sawyer and Burch & Peters, Cincinnati, for deft.

### AUGUST 7, 1925
19311—Harry D. Schaffer v. Ethel Schaffer; motion for Montgomery Appeals to certify. Egan & Delscamp, Dayton, for pltf; Daniel Nevins, Dayton, for deft.

19312—Joseph S. Allison v. W. H. N. Stevens, Mayor, etc. Error to Licking Appeals. Fitzgibbon, Montgomery & Black, Newark, for pltf.

### AUGUST 8, 1925
19313—Cincinnati Traction Co. v. Public Utilities Commission. Error to Public Utilities Commission. C. A. Dolle, Cincinnati, for pltf.

19314—Philip Morton v. Elizabeth Davazac; motion for Hamilton Appeals to certify record. Fylle Chambers, Cincinnati, for pltf; F. W. Ritchter, Buchwalter, Hadley & Smith; Chas. S. Bell; Jessie Adler, Cincinnati, for deft.

## Weekly Abstract of PENDING CASES

### No. 704
### PECSOK v. VECSEY
No. 19252.  Supreme Court.

On motion to certify. Doc. July 10, 1925; 3 Abs. 435.

1094. SLANDER—1. Is malice presumed, or is burden of proving actual malice, upon plaintiff?

2. Where officer of church makes statements to members thereof concerning applicant for pastorage, do said statements present a situation of qualified privilege?

Rev. Eugene A. Vecsey brought and action against Paul Pecsok in the Cuyahoga Common Pleas, charging that while his name was pending as applicant for the position of minister in a church of which Pecsok was a member, said Pecsok slandered him with the intention of preventing him from becoming pastor of the church. The petition was divided into two causes of action, the first upon which $25,000 general damages, was asked and the second upon which $25,000, special damages was asked.

Pecsok denied all the material allegations in Vecsey's petition and further averred that all the remarks made about Vecsey were privileged, and further pleaded in his amended answer that he occupied the position of trustee and an officer in the church and as such, advised his fellow church members to use caution in the selection of a pastor. Judgment was rendered, on a verdict of $8,500 in favor of Vecsey, in the Common Pleas, said judgment being affirmed by the Court of Appeals.

Pecsok filed his motion and brief in the Supreme Court for an order to certify the motion and it is there contended:

That the court of appeals committed an error in holding that there was not presented a situation of qualified privilege, in the case. It is claimed that "A communication, made bona fide upon any subject matter in which the party

## OHIO SUPREME COURT—Continued

communicating has an interest, or in reference to which he has a duty, is privileged, if made to a person having a corresponding interest or duty, although it contains criminatory matter which, without this privilege, would be slanderous and actionable."

That the court of appeals erred in holding that the plea of qualified privilege was insufficient. An answer containing new matter need only be in ordinary and concise language. Cook v. Finney 39 OS. 58.

That the court of appeals was in error in holding contrary to the decision in Mank v. Brundage, 68 OS. 89; by holding that evidence of the source of information upon which Pecsok relied in making his statements was not admissible, even in mitigation of damages, under the general issue.

That there is prejudicial error in the judgment of the Court of Appeals in holding that the failure of the trial judge to charge at all on the question of qualified privilege was not error in holding that malice is presumed instead of holding that burden of proving actual malice was on Vecsay and in permitting the excessive verdict of $8,500 to stand.

Attorneys—Leighley, Halle, Haber & Berick for Pecsok; Mooney, McCormack, Roth & Pollock for Vecsey; all of Cleveland.