Cannonball Trans. Co. v. Pub. Util. Com. 19327
Conn et v. Jones..................... 19329
Gertz v Varwig et.................. 19331
Rosentibil et v Cherry.............. 19324
Small v. Pub. Util. Com............. 19326
Snyder et v. Googher................ 19323
State ex v. Brown................... 19330
State ex v. Schlessinger............ 19325

### August 14, 1925

19323—Orpha M Snyder et al v A G Goo-gher, Admr, et al; motion for Logan Appeals to certify. A G Fuller, Findlay, W C Huston, Bellefontaine, for pltf. West & West, Bellefontaine; Briggs & Stewart, Belle Center; Theodore Tangeman, Wapakoneta, for deft.

19324—Rose Rosentibil et al v Frank B Cherry; motion for Hancock Appeals to cer-tify. John E Betts, Arline & Pendleton, Find-lay, for pltf. Rose J Wetheraldt, Findlay, for deft.

19325—State of Ohio ex rel Radebaugh Graham Co v George F Schlessinger as Di-rector of Highways and Public Works of Ohio; in mandamus. J L Stanton, Hogan & Hogan, Columbus, for pltf. C C Crabbe, Columbus, for deft.

19326—W O Small v Public Utilities Com-mission of Ohio. Mannix, Crawford & Bill-ingsley; Myers &. Myers, Greenville, for pltf. C. C. Crabbe, J W Bricker, Columbus, for deft.

19327—Cannonball Transportation v Public Utilities Commission; error to the Public Util-ities Commission of Ohio. Blair & Blair, Portsmouth; D H Armstrong, Columbus, for pltf. C C Crabbe, Columbus, for deft.

### August 15, 1925

19329—Harry L Conn et al as trustees under the will of Geo H Marsh, deceased, v John J Jones, county treasurer et al; motion for Van Wert Appeals to certify. Conn, Hoke & Wright, Van Wert; Wilson & Rector, Colum-bus, for pltf. C C Crabbe, W E Benoy, Co-lumbus; J C Miller, Van Wert, for pltf.

19330—State of Ohio ex rel John F Nolan v Thad S Brown as State Supervisor of Elec-tions; in mandamus. P E Dempsey, Knepper & Wilcox, Columbus, for pltf. C C Crabbe, Columbus, for deft.

### August 17, 1925

19331—Minnie Gertz, Admrx et al v Hen-rietta Varwig et al; motion for Mercer Ap-peals to certify. Loree & Kloeb, Celina, for pltf. Myers & Myers, Celina, for deft.

## Weekly Abstract of
## PENDING CASES

No. 745
STATE ex v. HADWAY et
No. 19250. Supreme Court
On error to Lorain Appeals. Dock. July 10, 1925; 3 Abs. 435.

**1065. SCHOOLS & SCHOOL DISTRICT—Is it mandatory upon a board of education to transfer territory when provisions of 4696 GC. for a petition signed by 75 per cent of electors have been complied with?**

This action was begun in the Lorain Court of Appeals by the State on the relation of E. J. Darby. A petition was filed in mandamus praying for an order of the court to require the Lorain County Board of Education to take necessary action to transfer territory, part of the county school district, into a school dis-trict to which the territory is contiguous. Upon hearing the Court of Appeals entered an order finding the plaintiff was not entitled to the relief prayed for and dismissed the petition.

Facts disclose that 100 per cent of the elec-tors residing in a portion of the Henrietta School Rural School District, signed a petition requesting said Board to transfer said terri-tory from Lorain County School District to Erie School District. Upon refusal of the Board to do as requested suit was instituted and with the order of the Court of Appeals, above referred to, Darby takes the case to the Supreme Court and contends:

That the intent of 4696 GC., as last amended is to take care of the rights and desires of the electors in a school district, hence the pro-vision for a petition and the further provision for a mandatory transfer when 75 per cent of the electors sign the petition. "The county board of education may transfer a part of a school district of a county school district or it may transfer all of a school district of a county school district." Atty. Gen. Opinion.

It is further contended that the language ap-pearing in 4696 GC. is mandatory upon the board of education to transfer territory where a petition is presented, signed by 75% of the electors residing in said territory; and that the construction announced in State ex v. Bd. of Education, 97 OS. 337, should be followed.

It is claimed by the Board that it is not mandatory on it to transfer territory under 4696 GC., because the Henrietta Rural School District has been centralized under 4276 GC. and that under 4727 GC. the transfer would operate as a de-centralization of the Rural District. Snapp v. Goul et, 97 OS. 259, was relied upon by the Board in this contention.

Darby contends that 4727 GC. was in accord-ance with the decisions at that time but that subsequently it was amended so that it read that nothing in 4726 and 4726-1 GC. shall pre-vent a county board of education upon the pe-

tition of two-thirds of the qualified electors of the territory petitioning for transfer, from transferring territory to or from a centralized school district, the same as to or from a district not centralized." It is contended that by virtue of this amendment, that 4727 GC. no longer constitutes an exception to 4696 GC.

**Attorneys**—Fauver & Cheney for State; D. A. Baird and R. F. Vandemark for Bd. of Ed.; all of Elyria.