19215—Mattie Lust v. Farmers Bank and Savings Co. Motion for an order directing the Court of Appeals of Meigs County to certify its record. Allowed. Dock. 6-19-25; 3 Abs. 401.

19218—George H. Phelps, et al v. City of Findlay, Ohio. Motion for an order directing the Court of Appeals of Hancock County to certify its record. Overruled. Dock. 6-19-25; 3 Abs. 401.

19219—H. W. Butler et al v. City of Findlay, Ohio, et al. Motion for an order directing the Court of Appeals of Hancock County to certify. its record. Overruled. Dock. 6-19-25; 3 Abs. 401.

19224—Nicholas Papista v. John Cecil. Motion for an order directing the Court of Appeals of Cuyahoga County to certify it record. Overruled. Dock. 6-22-25; 3 Abs. 417.

19228—Charles Ewers, Receiver v. Samuel Ungerleider, et al. Motion for an order directing the Court of Appeals of Cuyahoga County to certify its record. Overruled. Dock. 6-25-25; 3 Abs. 402.

19229—Abe Strauss v. Metropolitan Five to Fifty Cent Stores, inc. Motion for an order directing the Court of Appeals of Summit County to certify it record. Overruled. Dock. 6-29-25; 3 Abs. 417.

19230—Stanislaw Pacyna, et al v. Frank Sawicki, et al. Motion for an order directing the Court of Appeals of Cuyahoga County to certify its record. Overruled. Dock. 6--29-25; 3 Abs. 417.

19231—Order of Railway Conductors of America et al v. Harry L. Carpenter. Motion for an order directing the Court of Appeals of Hamilton County to certify its record. Allowed. Dock. 7-1-25; 3 Abs. 417.

19270—Nelson J. Brewer, Admr., etc. v. Josephine Dirion. Motion for an order directing the Court of Appeals of Cuyahoga County to certify its record. Overruled. Dock. 7-16-25; 3 Abs. 457.

19287—Lillian R. Dorn, Admrx v. Nicholas Dorn, et al. Motion for an order directing the Court of Appeals of Hardin County to certify its record. Overruled. Dock. 7-24-25; 3 Abs. 466.

19323—Orpha M. Snyder et al v. A. G. Boogher, Admr. et al. Motion for an order directing the Court of Appeals of Logan County to certify its record. Overruled. Dock. 8-14-25; 3 Abs. 530.

# Abstracts of Last Week's
# SUPREME COURT OPINIONS

## SYLLABI
### No. 905

19108—The Industrial Commission of Ohio et al v. Bert Snyder, et al. Error to the Court of Appeals of Darke County.

631. INDUSTRIAL COMMISSION—1. Department of Industrial Relations succeeds to powers of Commission with reference to duties under 7630-1 GC., by virtue of 154-1 GC., et seq.

2. That department is authorized to keep such records and journals necessary to exhibit its official acts and proceedings.

MATTHIAS, J.

1. By virtue of the provisions of the Administrative Code, Section 154-1 et seq., General Code, the Department of Industrial Relations became the successor of the Industrial Commission with reference to the powers to be exercised and duties to be performed pursuant to the provisions of Section 7630-1, General Code.

2. The provisions of such code require the administration of the affairs of that department by the director of Industrial Relations and provide for the keeping within the department such records and journals as are necessary to exhibit its official acts and proceedings. A letter addressed to a board of education, signed only by the chief of the division of factory inspection, giving notice that the use of a school building is prohibited unless designated changes are made by a specified time, there being no record of any official action by the department with reference to such matter or showing any authority conferred upon the chief of division of factory inspection relative thereto, is not an order of the department whereon may be predicated action of a board of education to issue and sell bonds of the district for the erection of a new school building, pursuant to the provisions of Section 7630-1, General Code, as it existed April 9, 1923.

Judgment affirmed.

Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 906

No. 18983—State of Ohio v. George Klingenberger. Error to the Court of Appeals of Crawford County.

333. CRIMINAL LAW—1. Minor charged with felony, waives right to jurisdictional defect on ground of minority, if plea in abatement to indictment is not filed.

2. When such charge is transferred to common pleas, from juvenile court, grand jury is empowered to return any indictment proper under facts submitted.

ALLEN, J.

1. A minor charged with felony waives his right to object to the jurisdiction of the court of common pleas on the ground of his minority, by not filing a plea in abatement to an indictment in the court of common pleas.

2. When a felony charge against a minor is transferred from the juvenile court to the court of common pleas under the provisions of Section 1681, General Code, the grand jury is empowered to return any indictment proper under the facts submitted to it.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Day, and Kinkade, JJ., concur. Robinson, J., concurs in proposition two of the syllabus and in the judgment.