18933—The Louisville & Nashville R. R. Co. v. Dora B. Greene, Admx.; error to the Court of Appeals of Hamilton county. Judgment affirmed. Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 2-2-25, 3 Abs. 82; mo. cer. al. 3 Abs. 279; OS. Pend. 3 Abs. 166.

19196—Thomas Magnuson v Public Utilities Commission of Ohio; error to the Public Utilities Commission. Order affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 6-12-25; 3 Abs. 386.

19255—Anderson Ferry Transit Line v. Public Utilities Commission of Ohio; error to the Public Utilities Commission. Dismissed for want of prosecution. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 7-11-25; 3 Abs. 435.

19327—Cannon Ball Transportation Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission. Order affirmed. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 8-14-25; 3 Abs. 530.

## MOTION DOCKET

19219—H. W. Butler v. City of Findlay. Motion for an order directing the Court of Appeals of Hancock county to certify it record. Allowed. Dock. 6-19-25; 3 Abs. 401; OS. Pend. 3 Abs. 519.

19241—In re Estate of Arthur Jones, deceased - The Tax Commission of Ohio v. Thomas J. Jones, Admr., et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 7-8-25; 3 Abs. 435; OS. Pend. 3 Abs. 486.

19283—Kate Tootle Vallery v. William R. Beard. Motion for an order directing the Court of Appeals of Ross county to certify its record. Overruled. Dock. 7-22-25; 3 Abs. 466; OS. Pend. 3 Abs. 531.

19294—Globe Indemnity Co v. Lake Erie Lumber & Supply Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 7-29-25; 3 Abs. 482; OS. Pend. 3 Abs. 582.

19302—Talton Macon v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Hamilton county. Overruled. Dock. 7-30-25; 3 Abs. 482; OS. Pend. 3 Abs. 547.

19303—A. A. Mudge et al v. Susan Pope, Admrx. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 7-30-25; 3 Abs. 487.

19308—B. & O. Southwestern R. R. Co. v. George H. Rhodes. Motion for an order directing the Court of Appeals of Ross county to certify its record. Overruled. Dock. 8-5-25; 3 Abs. 499; OS. Pend. 3 Abs. 563.

19370—Robert Swartz v. City of Newark, Ohio. Motion for an order directing the Court of Appeals of Licking county to certify its record. Overruled. Dock. 9-5-25; 3 Abs. 642.

19409—David B. Wilson et al. v. Henry J. Fromm et al. Motion for an order directing the Court of Appeals of Stark county to certify its record. Motion withdrawn by plaintiffs in error. Dock. 11-7-25; 3 Abs. 706.

---

## Abstracts of Last Week's SUPREME COURT OPINIONS

SYLLABI
No. 988

No. 19327—The Cannon Ball Transportation Co. v. Public Utilities Commission.

970. PUBLIC UTILITIES COMMISSION

1. Not authorized by 614-83 to 614-102 GC. to exclude motor transportation companies operating in interstate traffic from state highways; but such companies are subject to provisions of said sections except where provisions would involve a direct burden upon interstate commerce.

2. Condition that passengers may not be received within state of Ohio whose destination are within state is not such a burden upon interstate commerce.

MARSHALL, C. J.

1. Section 614-86 to 614-102 inclusive, of the General Code of Ohio, are designed to regulate motor transportation governing all motor vehicles operating over the highways of the state, but do not authorize the public utilities commission to exclude motor transportation companies operating in interstate traffic from such highways.

2. Motor transportation companies operating in interstate traffic are subject to the provisions of said sections and the regulations therein provided may be applied to all interstate operators except in so far as such application would involve a direct burden upon interstate commerce.

3. A condition in a certificate of convenience and necessity granted to an interstate operation that passengers may not be received within the state of Ohio whose destinations are also within the state, of Ohio, is not an unreasonable condition and odes not operate as a direct burden upon interstate commerce.

Order affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

No. 989

No. 18896—The State of Ohio, ex rel. The Cleveland Engineering Construction Company v. T. J. Duffy, et al as The Industrial Commission.

In Mandamus.

1275. WORKMEN'S COMPENSATION ACT—Industrial Commission does not have jurisdiction to grant relief under, for injuries occurring in maritime employment over which court of admiralty has jurisdiction.

DAY, J.

An agreement between employer and employee to submit themselves to the provisions of the Workmen's Compensation Act in the event of injury to the employee cannot confer jurisdiction upon the Industrial Commission to grant relief under such act for injuries occurring in a purely maritime employment which employment has direct relation to commerce and navigation over which a court of admiralty has jurisdiction. A writ of mandamus seeking to compel the Industrial Commission to entertain such jurisdiction, should be denied.

Writ denied.

Jones, Matthias, Kinkade and Robinson, JJ., concur. Marshall, CJ., and Allen, J., dissent.